U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

APR 25 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Opelousas General Hospital Authority     Civil Action No. 14-0395

versus     Judge Richard T. Haik, Sr.

PPO Plus LLC, et al     Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion To Remand filed by Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System [Rec. Doc. 11], defendant, HealthSmart Benefit Solutions, Inc.'s ("HealthSmart") Opposition [Rec. Doc. 17] and OGHS's Reply [Rec. Doc. 18]. The Court finds that oral argument is not necessary. For the reasons that follow, the Court will grant the Motion to Remand.

### *I. Background*

Plaintiff, OGHS, on behalf of itself and as a representative of similarly situated health care providers in the State of Louisiana ("putative plaintiffs"), commenced this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana, under the Louisiana Preferred Provider Act, La. R.S. 40:2203.1, for alleged statutory violations regarding the processing and payment of medical bills. *R. 1-4, Class Action Petition.* OGHA initially named only PPO Plus LLC("PPO Plus"), a Louisiana PPO network, as a defendant. On December 19, 2013, OGHA served the First Amended And Restated Class Action Petition naming HealthSmart as an additional defendant. *R. 1-2.* OGHA also named Homeland Insurance Company of New York ("Homeland"), the insurer of PPO, under the Louisiana

Direct Action Statute, LSA-R.S. 22:1269. *Id.*

HealthSmart filed a Notice of Removal in this Court on February 13, 2014 on the basis of jurisdiction under 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005 ("CAFA), 28 U.S.C.§ 1332(d). *R. 1.*

## II. Motion to Remand Standard

The party removing to federal court has the burden of establishing jurisdiction. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir.2007). Removal jurisdiction "raises significant federalism concerns" and is strictly construed. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). Doubts regarding jurisdiction should be resolved against exercising jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000). In addressing a motion to remand for lack of diversity jurisdiction, a court looks to the claims in the state court complaint at the time of removal to assess diversity jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002).

## III. Analysis

OGHA asserts that removal under 28 USC 1332(a), diversity jurisdiction, is improper because defendant PPO Plus is a Louisiana company. OGHA further asserts that HealthSmart improperly relied on CAFA in removing the state court proceedings because the "local controversy" exception to CAFA, 28 U.S.C. § 1332(d)(4)(A), requires a remand of these proceedings. HealthSmart argues that diversity jurisdiction exists because OGHA cannot satisfy two of the four requirements required to invoke CAFA's local controversy

exception.

CAFA grants federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exits between the parties ( i.e., at least one plaintiff and one defendant are from different states); (3) the amount in controversy exceeds $5,000,000; and (4) the primary defendants are not states, state officials, or other governmental entities. 28 U.S.C. § 1332(d)(2) and (d)(5). Nonetheless, federal courts must decline jurisdiction over a proposed class action if either of the following narrow exceptions is proven by a preponderance of the evidence: (1) the local controversy exception, 28 U.S.C. § 1332(d)(4)(A); or (2) the home state exception, 28 U.S.C. § 1332(d)(4)(B). *Preston*, 485 F.3d at 810.

The local controversy exception, at issue in this case, states in pertinent part that a district court shall decline to exercise jurisdiction:

> (A)(i) over a class action in which --
>
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant-
>>
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in

3

which the action was originally filed; and

> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons....

28 U.S.C. § 1332(d)(4)(A). HealthSmart argues that this case must be remanded because OGHA cannot establish two of the above requirements for the local controversy exception to apply—that the local defendant, PPO Plus, is a "significant defendant" and that a similar class action has not been filed in three years preceding this action.

The local controversy exception requires plaintiffs to demonstrate that the putative class seeks "significant relief" from at least one in-state defendant, and that the alleged conduct of the same defendant "forms a significant basis for the claims asserted by the proposed class." 28 U.S.C. § 1332(d)(4)(A) HealthSmart contends that OGHA "does not allege that PPO Plus ever processed a bill or applied a discount. To the contrary, it alleges that in all cases, the bills were processed and the discounts allegedly applied 'by or through HealthSmart.'" R.17. OGHA argues that it has recovered against other PPO's occupying the exact position as PPO Plus. In support, OGHA provides case cites of lawsuits against such PPO's which resulted in recoveries in Louisiana state courts with over 15 court approved class settlement judgments. *See e.g., Gunderson v. F.A. Richard*, 977 So.2d 1128 (La.App. 3Cir. 2008); *Williams v. Sif Consultants, Inc.*, 103 So.3d 1172 (La.App. 3 Cir. 2012). In particular, OGHA cites *Gunderson v. F.A. Richard,* 44 So.3d 779 (La.App. 3 Cir. 2010) in which summary judgment was upheld against First Health PPO, a PPO which contracted directly with healthcare providers and also contracted with clients who then applied or "took"

4

the First Health PPO discounts. The Court agrees that PPO Plus, like First Health in *Gunderson*, is a "substantial defendant" as required under the local controversy exception of CAFA in that it directly contracts with Louisiana providers for discounted rates and then allows other entities to access, utilize and apply those rates when adjusting and paying the medical bills.

The local controversy exception also requires that no other class action, as contemplated by CAFA, asserting the same or similar allegations against any of the defendants had been filed in the preceding three years. §1332(d)(4)(A)(ii). CAFA does not define what constitutes an "other class action" other than to limit it to filed cases asserting similar factual allegations against a defendant. The goals of the statute, however, provide guidance. In enacting CAFA, Congress recognized the benefits of having one federal forum to adjudicate multiple cases filed in various courts against a defendant. *See* Class Action Fairness Act of 2005, Pub.L. No. 109-2, § 2(a)(1), 119 Stat. 4. To this end, the statute seeks to control the impact of multiple class actions filed by different members of the same class against a defendant by providing a single forum to resolve similar claims. *See* S.Rep. No. 109-14, at 4-5 (2005); *DeHart v. BP America, Inc.*, 2010 WL 231744, at *12 (W.D.La. Jan. 14, 2010). As explained by the Third Circuit,

> In short, Congress wanted to ensure that defendants did not face copycat, or near copycat, suits in multiple forums and hence excluded from the local controversy exception cases where a defendant was named in multiple similar cases. It follows that the "no other class action" factor must not be read too narrowly. *The inquiry is whether similar factual allegations have been made against the defendant in multiple class actions—and hence they are facing separate, distinct lawsuits—without regard to the procedural posture of the*

5

*earlier filed cases or whether the putative classes in the cases overlap, their claims arise from an identical event, or involve the same causes of action or legal theories."*

*Vodenichar v. Halcon Energy Properties, Inc.* 733 F.3d 497, 508 -509 (3d Cir. 2013) (emphasis supplied).

HealthSmart contends that because Homeland Insurance Company is a defendant in this class action and was also a defendant in *Williams v. Executive Risk Specialty Insurance*, 6:11-cv-00686,[1] OGHA fails to meet the three year class action local controversy exception requirement. OGHA concedes that Homeland was the errors and omissions insurer of PPO Plus in this case and also the errors and omissions insurer of Corvel in the *Williams* case. OGHA asserts, however, that no *independent* claim has been brought against Homeland in either suit because, under the Louisiana Direct Action Statute, "the claims against the insured and the insurer are the same."

> In *Williams*, the Fifth Circuit explained Homeland's role in that lawsuit,
>
> Although Homeland is an out-of-state defendant who insured the out-of-state Corvel, the CAFA exception is satisfied because Homeland's related conduct as insurer includes Corvel's failure to notify in Louisiana.... the sole claims against Homeland are by virtue of the Louisiana Direct Action statute and based on the conduct of Homeland's insured. This case does not involve first party insurance claims against Homeland, and therefore the location of the principal injuries does not depend on the state of issuance of Homeland's insurance policy.

*Williams*, 657 F.3d at 299. Thereafter, in *Williams v. SIF Consultants of Louisiana, Inc.*, 103

---

[1] *See also, Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287 (5th Cir. 2011) and *Williams v. SIF Consultants of Louisiana, Inc.*, 103 So.3d 1172, 1175 (La.App. 3 Cir.,2012).

So.3d 1172, 1179-1180 (La.App. 3 Cir.,2012), the state appellate court explained that because "the insurer stands in the shoes of the insured, with respect to the direct action statute," the claims against Homeland and CorVel are the same. Here, Homeland is named under the Direct Action Statute as the insurer of PPO Plus, it is not being sued under the same or similar factual allegations as the insurer of CorVel in *Williams*.

As the Court finds that plaintiff has met the requirements of the Local Controversy Exception under CAFA and this Court does not have jurisdiction,

**IT IS ORDERED** that the Motion To Remand filed by Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System is **GRANTED**, and this matter is hereby **REMANDED** to the 27th Judicial District Court, Parish of St. Landry, State of Louisiana from which it was removed. The Clerk of this Court is to submit a certified copy of this Judgment to the 27th Judicial District Court of the State of Louisiana.

Thus done and signed this 25th day of April, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge